1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

SEALED

1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                          DISTRICT OF NEVADA

8
                                          * * *
9   UNITED STATES OF AMERICA,              )
                                           )
10            Plaintiff,                    )        3:15-CR-015-LRH-VPC
                                           )
11  v.                                      )
                                           )        ORDER
12  SHAUN JERMAINE ESTES,                   )
                                           )        FILED UNDER SEAL
13            Defendant.                    )
                                           )
14

15        Before the Court is Defendant Shaun Jermaine Estes' ("Estes") ex-parte application for

16  issuance of a subpoena pursuant to Federal Rule of Criminal Procedure 17(a) and 17(b), filed under

17  seal.  Doc. #21.[1]

18  **I.      Factual Background**

19        On January 28, 2015, Estes was charged under 18 U.S.C. §§ 922(g)(1) and 924(A)(2) as a

20  felon in possession of a firearm.  Doc. #1.  The proposed subpoena is directed to witness Eleanor

21  D. Acheson ("Acheson"), Chief Legal Officer, General Counsel, and Corporate Secretary at the

22  National Railroad Passenger Corporation.  The proposed subpoena provides that in lieu of

23  appearance by the witness, production of the requested records by September 15, 2015, would

24  satisfy the subpoena.  The application attaches a proposed order which would require the witness to

25  ///

26
    ───────────────────────
          [1] Refers to the Court's docket number.

1   produce certain enumerated documents by a specified date prior to trial, that expenses by the

2   witnesses be paid by the government, and that the order remain under seal.

3   **II.     Legal Standard**

4          **A.  Federal Rule of Criminal Procedure 17**

5          Estes filed his ex parte application for subpoena under Federal Rule of Civil Procedure 17,

6   which governs issuance of subpoenas in criminal proceedings.  Rule 17(a) states that a subpoena

7   "must state the court's name and the title of the proceeding, include the seal of the court, and

8   command the witness to attend and testify at the time and place the subpoena specifies."  Rule

9   17(b) permits ex parte applications "if the defendant shows an inability to pay the witness's fees

10  and the necessity of the witness's presence for an adequate defense."  This District has previously

11  stated that "the ex parte nature of a Rule 17(b) application serves to put a defendant on equal

12  footing with the Government because the Government is not required to give a defendant notice as

13  to those witnesses that it intends to subpoena to testify at trial."  *United States v. Sellers*, 275

14  F.R.D. 620, 622 (D. Nev. 2011) (quoting *United States v. Reyes*, 162 F.R.D. 468, 469 (S.D.N.Y.

15  1995)).

16         Rule 17(c)(1) governs the production of documents and objects, and provides:

17         A subpoena may order the witness to produce any books, papers, documents, data, or
           other objects the subpoena designates. The court may direct the witness to produce
18         the designated items in court before trial or before they are to be offered in evidence.
           When the items arrive, the court may permit the parties and their attorneys to inspect
19         all or part of them.

20  Although Rule 17 is not a discovery device, it may be used to obtain evidentiary materials.  *Sellers*,

21  275 F.R.D. at 622-23 (citing *United States v. Nixon*, 418 U.S. 683, 689, 699-700 (1974)).  Leave of

22  court is required for a pretrial subpoena under Rule 17(c)(1) in criminal proceedings.  *Id.* at 623.

23  Granting a pretrial subpoena under Rule 17(c)(1) is "committed to the sound discretion of the trial

24  court since the necessity for the subpoena most often turns upon a determination of factual issues."

25  *Nixon*, 418 U.S. at 702.

26  ///

**B.  Standard for Pretrial Production**

The party seeking pretrial production of evidence bears the burden to show good cause for production before trial. *Sellers*, 275 F.R.D. at 623.  Federal courts generally follow the standard established by *United States v. Iozia*, 13 F.R.D. 335 (S.D.N.Y. 1952), to determine whether the moving party has established good cause for production. *Nixon*, 418 U.S. at 699.  *Iozia* provides that good cause for pretrial production requires a showing:

(1) That the documents are evidentiary and relevant;

(2) That they are not otherwise procurable by the defendant reasonably in advance of trial by the exercise of due diligence;

(3) That the defendant cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial;

(4) That the application is made in good faith and is not intended as a general fishing expedition.

13 F.R.D. at 338.

The party seeking pretrial production bears the burden of establishing relevancy, admissibility, and specificity. *Nixon*, 418 U.S. at 700.  Conclusory allegations of relevance and admissibility are insufficient to meet the moving party's burden. *Sellers*, 275 F.R.D. at 623-24 (citing *United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981)).  Rather, there must be a "sufficient likelihood that the requested material is relevant to the offenses charged in the indictment, and the moving party must make a sufficient preliminary showing that the requested material contains admissible evidence regarding the offenses charged." *Id.* at 624 (citing *Nixon*, 418 U.S. at 700).

**C.  Ex-Parte Applications for Pretrial Production of Documents**

Although Rule 17(b) provides for ex parte applications for production of witnesses, Rule 17(c) does not explicitly allow ex parte applications for pretrial production of documents.  District courts are split on whether parties can file ex parte applications for pretrial production of documents, and the Ninth Circuit has not ruled on the issue. *See id.* at 264-65 (citing cases on both

1    sides).  As in *Sellers*, the Court agrees with those courts which found that an indigent defendant can

2    file an ex parte application for a subpoena for pretrial production of documents in certain limited

3    circumstances, "such as where identification of the source of the evidence potentially imperils the

4    source or integrity of the evidence, or where notice of a subpoena *duces tecum* would compromise

5    defense counsel's trial strategy; or where a constitutional interest of a defendant is implicated." *Id.*

6    at 264.

7    **III.    Discussion**

8    Estes requested a subpoena under Federal Rules of Criminal Procedure 17(a) and 17(b).

9    This was proper with respect to Estes' request to produce the witness prior to trial.  However, the

10   application states that in the absence of the witness's appearance, production of the requested

11   documents by a certain date would satisfy the subpoena.  This request is more appropriately

12   analyzed under Rule 17(c)(1), which governs subpoenas for pretrial production of documents.

13   Thus, the Court must consider whether the application meets the limited circumstances under

14   which a party can file an ex parte application for pretrial production of documents.

15   The Court finds that this application satisfies the *Iozia* test; Estes met his burden to

16   establish that the requested witness testimony was relevant, not otherwise reasonably procurable by

17   defendant prior to trial, that defendant could not prepare for trial absent said testimony, and that the

18   application was made in good faith.  The Court also finds that the application and supporting

19   affidavit were appropriately filed ex parte and should remain sealed to protect the mental

20   impressions and trial strategy of defense counsel.  Estes has not established, however, that he is

21   entitled to review documents ex parte—i.e., that a subpoena duces tecum would improperly

22   compromise trial strategy, or that another constitutional right is implicated.  *Sellers*, 275 F.R.D. at

23   625.  Thus, if the witness decides not to appear and send the documents to defense counsel instead,

24   the subpoena would essentially obfuscate the heightened requirement to justify pretrial production

25   of documents under Rule 17(c)(1).  In such a circumstance, the Court agrees with the approach

26   described in *Sellers*.  *Id.* at 264 (ordering that the requested photographs be filed with the Clerk of

4

1    Court rather than directly to defense counsel).  Accordingly, if the witness declines to appear and

2    sends documents instead, such documents shall be filed with the Clerk of Court, who shall inform

3    both the government and defense counsel when the documents are available, permitting counsel for

4    both sides to inspect them as contemplated by Rule 17(c)(1).

5        The Court acknowledges that it previously granted an ex parte application for a subpoena

6    that included the language: "In lieu of appearance, production of the requested records by August

7    10, 2015, will satisfy this subpoena."  After two additional ex parte applications for subpoenas that

8    included the same language, the Court determined that additional scrutiny was necessary.

9    Accordingly, the Court will not grant additional ex parte requests for production of documents

10   absent a showing that ex parte review is necessary under *Sellers*.

11   **IV.    Conclusion**

12       IT IS THEREFORE ORDERED that Estes' Ex Parte Application for the Issuance of a

13   Subpoena under Rules 17(a) and 17(b) (Doc. #21) is GRANTED.

14       IT IS FURTHER ORDERED that a subpoena be issued for the witness named below, and

15   that the fees and expenses for the witness so subpoenaed shall be paid as if subpoenaed on behalf of

16   the Government, the Court being satisfied that the Defendant is financially unable to pay the fees

17   and expenses of this witness and the presence of this witness is necessary to an adequate defense.

18       IT IS FURTHER ORDERED that the person to whom the subpoena is directed shall

19   produce: (1) all documents or information identifying the methods and criteria used by Amtrak in

20   connection with associated law enforcement agencies for identification of individuals suspected of

21   violations of law for the geographic area encompassing Reno, Nevada; (2) all documents including

22   contracts and memoranda of understanding regarding cooperation and/or coordination between

23   Amtrak and local and/or federal law enforcement in the geographical area encompassing Reno,

24   Nevada, including those with the Reno Police Department; (3) any documents identifying powers,

25   chain of command and jurisdiction of law enforcement on Amtrak trains and train stations; (4)

26   policies and procedures for deployment of police K-9s on Amtrak for the geographical area

1  encompassing Reno, Nevada; (5) the identity of the Amtrak employee or individual associated with

2  Amtrak in this case (RPD Case number 14-23284) who identified Shaun Estes as a person who had

3  "indicators on his reservation that were consistent with individuals traveling on Amtrak with the

4  intent to transport illegal contraband and or the profits made from the sales of illegal contraband";

5  (6) policies, procedures, practices, agreements, and memoranda regarding the search of Amtrak

6  passengers by law enforcement, including passengers who refuse to consent to a search by law

7  enforcement; and (7) policies, procedures, practices, agreements, or memoranda regarding the

8  collection of data about Amtrak passengers, including what types of data are collected, how long

9  data is retained, and when and how passenger data is accessed, how data is shared with law

10 enforcement and when data is purged.

11       WITNESS:

12       Eleanor D. Acheson
         Chief Legal Officer, General Counsel & Corporate Secretary
13       National Railroad Passenger Corporation
         60 Massachusetts Avenue, NE
14       Washington, DC 20002
         (202) 906-3225

15

16       IT IS FURTHER ORDERED that if the witness declines to appear and sends documents

17 instead, Defendant shall file such documents under seal with the Clerk of Court, who shall inform

18 all parties when the documents are available, permitting counsel for both sides to inspect them as

19 contemplated by Rule 17(c)(1).

20       IT IS FURTHER ORDERED that the application and this Order in this matter are hereby

21 sealed until further order of the Court.

22       IT IS SO ORDERED.

23       DATED this 4th day of September, 2015

24                                                    _____
         LARRY R. HICKS
25       UNITED STATES DISTRICT JUDGE

26

6