UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHAUN JERMAINE ESTES, ) <br> ) <br> Defendant. ) <br> ) | 3:15-CR-015-LRH-VPC <br><br> ORDER |

Before the Court is Defendant Shaun Jermaine Estes' ("Estes") ex-parte application for issuance of subpoenas pursuant to Federal Rule of Criminal Procedure 17(a) and 17(b), filed under seal. Doc. #24.[1]

**I.    Legal Standard**

    **A.  Federal Rule of Criminal Procedure 17**

Estes files his application for subpoena under Federal Rule of Civil Procedure 17, which governs issuance of subpoenas in criminal proceedings. Rule 17(a) states that a subpoena "must state the court's name and the title of the proceeding, include the seal of the court, and command the witness to attend and testify at the time and place the subpoena specifies." Rule 17(b) permits ex parte applications "if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense." This District has previously stated that "the ex parte nature of a Rule 17(b) application serves to put a defendant on equal footing with the

---

[1] Refers to the Court's docket number.

Government because the Government is not required to give a defendant notice as to those witnesses that it intends to subpoena to testify at trial." *United States v. Sellers*, 275 F.R.D. 620, 622 (D. Nev. 2011) (quoting *United States v. Reyes*, 162 F.R.D. 468, 469 (S.D.N.Y. 1995)).

Rule 17(c)(1) governs the production of documents and objects, and provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Although Rule 17 is not a discovery device, it may be used to obtain evidentiary materials. *Sellers*, 275 F.R.D. at 622-23 (citing *United States v. Nixon*, 418 U.S. 683, 689, 699-700 (1974)).  Leave of court is required for a pretrial subpoena under Rule 17(c)(1) in criminal proceedings. *Id.* at 623. Granting a pretrial subpoena under Rule 17(c)(1) is "committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues." *Nixon*, 418 U.S. at 702.

### B. Standard for Pretrial Production

The party seeking pretrial production of evidence bears the burden to show good cause for production before trial. *Sellers*, 275 F.R.D. at 623. Federal courts generally follow the standard established by *United States v. Iozia*, 13 F.R.D. 335 (S.D.N.Y. 1952), to determine whether the moving party has established good cause for production. *Nixon*, 418 U.S. at 699. *Iozia* provides that good cause for pretrial production requires a showing:

> (1) That the documents are evidentiary and relevant;
>
> (2) That they are not otherwise procurable by the defendant reasonably in advance of trial by the exercise of due diligence;
>
> (3) That the defendant cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial;
>
> (4) That the application is made in good faith and is not intended as a general fishing expedition.

13 F.R.D. at 338.

The party seeking pretrial production bears the burden of establishing relevancy, admissibility, and specificity. *Nixon*, 418 U.S. at 700. Conclusory allegations of relevance and admissibility are insufficient to meet the moving party's burden. *Sellers*, 275 F.R.D. at 623-24 (citing *United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981)). Rather, there must be a "sufficient likelihood that the requested material is relevant to the offenses charged in the indictment, and the moving party must make a sufficient preliminary showing that the requested material contains admissible evidence regarding the offenses charged." *Id.* at 624 (citing *Nixon*, 418 U.S. at 700).

### C. Ex-Parte Applications for Pretrial Production of Documents

Although Rule 17(b) provides for ex parte applications for production of witnesses, Rule 17(c) does not explicitly allow ex parte applications for pretrial production of documents. District courts are split on whether parties can file ex parte applications for pretrial production of documents, and the Ninth Circuit has not ruled on the issue. *See id.* at 264-65 (citing cases on both sides). As in *Sellers*, the Court agrees with those courts which found that an indigent defendant can file an ex parte application for a subpoena for pretrial production of documents in certain limited circumstances, "such as where identification of the source of the evidence potentially imperils the source or integrity of the evidence, or where notice of a subpoena *duces tecum* would compromise defense counsel's trial strategy; or where a constitutional interest of a defendant is implicated." *Id.* at 264.

## II. Discussion

The Court has reviewed Estes' ex parte application and finds that Estes has not met his burden of establishing relevancy, admissibility, and specificity. The Court will therefore defer consideration on this application for subpoena so that the government has an opportunity to respond. The Court grants Estes seven days to serve its application for subpoena upon the government. The government shall respond within fourteen days. Thereafter, Estes can file a reply within seven days of the government's response.

### III. Conclusion

IT IS THEREFORE ORDERED that a determination on Estes' Ex Parte Application for the Issuance of a Subpoena under Rules 17(a) and 17(b) (Doc. #24) is DEFERRED so that the government has an opportunity to respond. The government shall file any response to Estes' request for testimony and records regarding Karup's personnel file within fourteen (14) days of service of Estes' subpoena application, and Estes shall file a reply within seven (7) days of the any response by the government.

IT IS SO ORDERED.

DATED this 3rd day of September, 2015

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE