1
2
3
4
5
6                              UNITED STATES DISTRICT COURT

7                                  DISTRICT OF NEVADA

8                                          * * *

9    UNITED STATES OF AMERICA,           )
                                          )
10              Plaintiff,                )        3:15-CR-015-LRH-VPC
                                          )
11   v.                                   )
                                          )        ORDER
12   SHAUN JERMAINE ESTES,                )
                                          )
13              Defendant.                )
     _____ )

14

15          Before the Court is Defendant Shaun Jermaine Estes' ("Estes") ex-parte application for

16   issuance of a subpoena pursuant to Federal Rule of Criminal Procedure 17(a) and 17(b), filed under

17   seal.  Doc. #24.[1]  On September 4, 2015, the Court deferred consideration of Estes' subpoena

18   application so that the United States could respond.  Doc. #29.  The United States filed a timely

19   Response (Doc. #30), to which Estes replied (Doc. #31).

20   **I.    Legal Standard**

21          The party seeking pretrial production of evidence bears the burden to show good cause for

22   production before trial.  *United States v. Sellers*, 275 F.R.D. 620, 623 (D. Nev. 2011).  Federal

23   courts generally follow the standard established by *United States v. Iozia*, 13 F.R.D. 335 (S.D.N.Y.

24   1952), to determine whether the moving party has established good cause for production.  *United*

25   *States v. Nixon*, 418 U.S. 683, 699 (1974).  *Iozia* provides that good cause for pre-trial production

26   _____

     [1] Refers to the Court's docket number.

1   requires a showing:

2       (1) That the documents are evidentiary and relevant;

3       (2) That they are not otherwise procurable by the defendant reasonably in advance of
4   trial by the exercise of due diligence;

5       (3) That the defendant cannot properly prepare for trial without such production and
    inspection in advance of trial and the failure to obtain such inspection may tend
6   unreasonably to delay the trial;

7       (4) That the application is made in good faith and is not intended as a general fishing
    expedition.

8   13 F.R.D. at 338.

9       The party seeking pretrial production bears the burden of establishing relevancy,

10  admissibility, and specificity.  *Nixon*, 418 U.S. at 700.  Conclusory allegations of relevance and

11  admissibility are insufficient to meet the moving party's burden.  *Sellers*, 275 F.R.D. at 623-24

12  (citing *United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981)).  Rather, there must be a

13  "sufficient likelihood that the requested material is relevant to the offenses charged in the

14  indictment, and the moving party must make a sufficient preliminary showing that the requested

15  material contains admissible evidence regarding the offenses charged."  *Id.* at 624 (citing *Nixon*,

16  418 U.S. at 700).

17      Federal Rule of Criminal Procedure 17(c)(1) governs the production of documents and

18  objects, and provides:

19      A subpoena may order the witness to produce any books, papers, documents, data, or
    other objects the subpoena designates. The court may direct the witness to produce
20  the designated items in court before trial or before they are to be offered in evidence.
    When the items arrive, the court may permit the parties and their attorneys to inspect
21  all or part of them.

22  Although Rule 17 is not a discovery device, it may be used to obtain evidentiary materials.  *Sellers*,

23  275 F.R.D. at 622 (citing *Nixon*, 418 U.S. at 689, 699-700).  Leave of court is required for a pretrial

24  subpoena under Rule 17(c)(1) in criminal proceedings.  *Id.* at 623.  Granting a pretrial subpoena

25  under Rule 17(c)(1) is "committed to the sound discretion of the trial court since the necessity for

26  the subpoena most often turns upon a determination of factual issues."  *Nixon*, 418 U.S. at 702.

1  **II.  Discussion**

2  Estes seeks personnel information about Madhu Karup, a law enforcement officer employed

3  by Amtrak who was involved in Estes' arrest.  Estes argues that the subpoena is necessary because

4  "the requested information is critical to Mr. Estes in terms of impeachment but also to revealing

5  possible bias and motives at play."  Doc. #31 at 2.  The United States argues that "the Brady/Giglio

6  doctrine does not require the government to disclose neutral, irrelevant, speculative or inculpatory

7  evidence."  Doc. #30 at 3 (citing *United States v. Stinson*, 647 F.3d 1196, 1208 (9th Cir. 2011)).

8  In *United States v. Henthorn*, the Ninth Circuit considered a defendant's request for federal

9  prosecutors to produce "the personnel files of all law enforcement witnesses whom it intends to call

10  at the trial . . . for evidence of perjurious conduct or other like dishonesty, in camera, to determine

11  if those portions of the officers' personnel files ought to be made available to defense counsel for

12  impeachment purposes."  931 F.2d 29, 30 (9th Cir. 1991).  The court held that "the government has

13  a duty to examine personnel files upon a defendant's request for their production."  *Id.* at 31.  The

14  court rejected the assertion that it is the defendant's burden to make an initial showing of

15  materiality, adding that "[t]he obligation to examine the files arises by virtue of the making of a

16  demand for their production.  However, following that examination, the files need not be furnished

17  to the defendant or the court unless they contain information that is or may be material to the

18  defendant's case."  *Id.*

19  This District has held that when a criminal defendant requests a law enforcement officer's

20  personnel files, the government is entitled to "review the file and disclose to the defense materials

21  therein relevant to the impeachment of testifying officers . . . because evidence reflecting negatively

22  on a Government witness's credibility constitutes a species of *Brady* material."  *United States v.*

23  *Booth*, No. 2:08-cv-0283, 2011 WL 6139062, at *3 (D. Nev. Dec. 9, 2011) (citing *Henthorne*, 931

24  F.2d at 30-31).  "If the United States is unsure as to the impeachment value of certain information,

25  it must submit it for *in camera* review."  *Id.*  The government might later be found to have violated

26  *Brady* for improperly withholding certain documents, but courts nonetheless do not require the

1  government to disclose all personnel records without a showing of relevance, admissibility, and

2  specificity.  *Id.*

3       The Court has reviewed Estes' application for a subpoena and finds that Estes has not met

4  his burden of establishing relevancy, admissibility, and specificity.  Estes' proposed subpoena seeks

5  "[a]ll documents regarding citizen complaints, files containing information regarding performance

6  and disciplinary issues, written or verbal reprimands, suspensions, codes of conduct, internal

7  investigations and all reports or documents pertaining to criminal and civil law suits including

8  forfeiture, civil rights violations filed against or in regards to Amtrak employee Madhu Karup."

9  Although there appears to be no dispute that Karup was involved in Estes' arrest, Estes has not

10  identified any reason to believe that information in his personnel records is relevant to the arrest

11  such that they should be compelled now rather than through the standard *Brady* and *Giglio* process

12  if Karup is called as a witness at trial.[2]  Thus, Estes' conclusory allegations about relevance and

13  admissibility amount to little more than a fishing expedition and are insufficient to establish that

14  pretrial production of the officers' personnel records is necessary at this point.  *Sellers*, 275 F.R.D.

15  at 623-24.  A review of *Brady* materials for disclosure of relevant documents to defense counsel

16  may be appropriate, however, if and when the officers are identified as witnesses who will testify at

17  trial.  *Booth*, 2011 WL 6139062, at *3 (ordering a review of personnel files "relevant to the

18  impeachment of *testifying officers*").

19  **III.    Conclusion**

20       IT IS THEREFORE ORDERED that Estes' Application for the Issuance of a Subpoena

21  (Doc. #24) is DENIED.

22       IT IS SO ORDERED.

23       DATED this 30th day of September, 2015

24                                               LARRY R. HICKS
                                           UNITED STATES DISTRICT JUDGE

25

26      [2] The United States represents that it sent a *Henthorn* request to Amtrak, which "advised the Government that there are not any *Henthorn* issues regarding Detective Kurup."  Doc. #30 at 3.