# SEALED

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 3:15-CR-00015-LRH-VPC |
| v. | |
| SHAUN JERMAINE ESTES, | ORDER |
| Defendants. | FILED UNDER SEAL |

Before the Court is Defendant Shaun Jermaine Estes' ("Estes") Ex Parte Motion to Amend the Subpoena issued under his Ex Parte Application and Affidavit in Support of Order for the Issuance of Defendant's Subpoena Pursuant to Federal Rule of Criminal Procedure 17(a) and 17(b). Doc. #33.[1]

**I. Factual Background**

On January 28, 2015, Estes was charged under 18 U.S.C. §§ 922(g)(1) and 924(A)(2) as a felon in possession of a firearm. Doc. #1. On July 10, 2015, Estes filed an Ex Parte Application and Affidavit in Support of Order for Issuance of Defendant's Subpoena Pursuant to Federal 17(a) and 17(b) [Filed Under Seal]. Doc. #15. The proposed subpoena provided that in lieu of appearance by the witness, production of the requested records by August 10, 2015, would satisfy the subpoena. *Id.* The motion was granted on July 20, 2015. Doc. #16. Later, it came to Estes' attention that the motion, subpoena, and order contained the wrong phone number. Doc. #33. Estes then filed an Ex Parte Motion to Amend the Subpoena. *Id.*

---

[1] Refers to the Court's docket number.

1

## II. Legal Standard

### A. Federal Rule of Criminal Procedure 17

Estes files his initial application for subpoena under Federal Rule of Civil Procedure 17, which governs issuance of subpoenas in criminal proceedings. Rule 17(a) states that a subpoena "must state the court's name and the title of the proceeding, include the seal of the court, and command the witness to attend and testify at the time and place the subpoena specifies." Rule 17(b) permits ex parte applications "if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense." This District has previously stated that "the ex parte nature of a Rule 17(b) application serves to put a defendant on equal footing with the Government because the Government is not required to give a defendant notice as to those witnesses that it intends to subpoena to testify at trial." *United States v. Sellers*, 275 F.R.D. 620, 622 (D. Nev. 2011) (quoting *United States v. Reyes*, 162 F.R.D. 468, 469 (S.D.N.Y. 1995)).

Rule 17(c)(1) governs the production of documents and objects, and provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Although Rule 17 is not a discovery device, it may be used to obtain evidentiary materials. *Sellers*, 275 F.R.D. at 622-23 (citing *United States v. Nixon*, 418 U.S. 683, 689, 699-700 (1974)). Leave of court is required for a pretrial subpoena under Rule 17(c)(1) in criminal proceedings. *Id.* at 623. Granting a pretrial subpoena under Rule 17(c)(1) is "committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues." *Nixon*, 418 U.S. at 702.

## III. Discussion

The Court has already determined that Estes met his burden to establish that the requested witness testimony was relevant, not otherwise reasonably procurable by defendant prior to trial, that defendant could not prepare for trial absent said testimony, and that the application was

made in good faith. The Court also found that the application and supporting affidavit were appropriately filed ex parte and should remain sealed to protect the mental impressions and trial strategy of defense counsel. However, on further review of the proposed subpoena, the Court has determined that it requires modification to clarify that if the witness declines to appear and sends documents instead, such documents shall be filed with the Clerk of Court, who shall inform both the government and defense counsel when the documents are available, permitting counsel for both sides to inspect them as contemplated by Rule 17(c)(1).

**IV. Conclusion**

IT IS THEREFORE ORDERED that Estes' Ex Parte Motion to Amend Subpoena (Doc. #33) is GRANTED.

IT IS FURTHER ORDERED that a subpoena be issued for the witness named below, and that the fees and expenses for the witness so subpoenaed shall be paid as if subpoenaed on behalf of the Government, the Court being satisfied that the Defendant is financially unable to pay the fees and expenses of this witness and the presence of this witness is necessary to an adequate defense.

IT IS FURTHER ORDERED that the person to whom the subpoena is directed shall produce any and all cell phone account information associated with the cell phone number 702-272-8072, including but not limited to all subscriber information to include dates and times of any and all incoming and outgoing cell phone and telephone numbers, data usage, wireless information, text messaging records, any account identification information and account history to include and all master cell phone records for the period of November 1, 2014, through December 20, 2014.

WITNESS:
Custodian of Records
T-Mobile Subpoena Compliance
4 Sylvan Way
Parsippany, NJ 07054
(f) 973-292-8697
(Ph) 973-292-8911

1     IT IS FURTHER ORDERED that if the witness declines to appear and sends documents instead[2], such documents shall be deposited with the Clerk of Court, who shall inform the parties when the documents are available, permitting counsel for both sides to inspect them as contemplated by Rule 17(c)(1).

    IT IS FURTHER ORDERED that the application and this Order in this matter are hereby sealed until further order of the Court.

    IT IS SO ORDERED.

    DATED this 22nd day of October 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] Materials may be promptly mailed with a copy of the subject subpoena to:
Clerk of Court, Attn Dionna Negrete
U.S. District Court for the District of Nevada
400 S. Virginia St.
Reno, NV 89501.

4